In re TRACY et al.

(Circuit Court of Appeals, Second Circuit. May 23, 1910.)

No. 255.

BANKRUPTCY (§ 224*)—PROCEEDINGS FOR RECLAMATION OF PROPERTY—PROCEDURE.

Where petitions for the reclamation of property from a trustee are presented to a court of bankruptcy, it is the prevailing practice to refer the same to a special master, instead of to the referee in bankruptcy; and such practice should not be changed, except by a general order of the Supreme Court which would be uniform in its operations.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 224.*]

Petition to Review Order of the District Court of the United States for the Southern District of New York, in Bankruptcy.

In the matter of William W. Tracy and others, bankrupts. On petition to revise order of District Court. Affirmed.

This cause comes here upon petition to review an order of the District Court, Southern District of New York, referring it to William H. Willis, as special master, to hear and determine the title and rights of persons who have instituted reclamation proceedings to recover, as their own, certain stocks, bonds, and securities found in the possession of the bankrupt or pledged by him, and of which the receiver and trustee have taken possession, or the proceeds thereof.

Crocker & Wickes (F. S. Crocker, of counsel), for petitioner.
H. H. Kaufman, for respondents.

Before LACOMBE, COXE, and WARD, Circuit Judges.

PER CURIAM. Upon adjudication in bankruptcy the proceedings were referred to Mr. Willis, one of the referees in bankruptcy, and it is the contention of petitioner that the matter under consideration should not have been sent to a special master, but should have been brought on before the referee under his general powers. Reliance is had on the provisions of the last clause of paragraph 1 of General Order XII (89 Fed. vii, 32 C. C. A. xvi), which reads as follows:

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

"And thereafter all the proceedings except such as are required by the act or by these general orders to be had before the judge, shall be had before the referee."

There is force in the contention that the proceedings to which jurisdiction of referees in bankruptcy is thus extended are proceedings in the bankruptcy action itself. It is argued that reclamation proceedings are not brought to enforce claims of creditors against the bankrupt or his estate. They are collateral proceedings, to establish or secure an independent title to certain items of property which the applicants contend are their own. They might be brought as independent actions against (or by) the trustee, and their character is not changed because the court to which they are brought hears them, with the assent of all parties, summarily without formal pleadings. The referee would not have jurisdiction to try an action of replevin or of trover to recover property or its proceeds, which it is alleged the trustee has unlawfully obtained; and it is argued that, on principle, he has not jurisdiction when the proceeding is summary.

On the other hand, the case of Miller v. Nugent, 184 U. S. 1, 22 Sup. Ct. 269, 46 L. Ed. 405, is cited to sustain the proposition that the referee, as such, has jurisdiction to determine all of the questions which have thus been referred to him as special master, and that the parties should not be subjected to the expense of a reference. Our attention is also called to the amendment of 1903 (Act July 1, 1898, c. 541, 30 Stat. 544, as amended by Act Feb. 5, 1903, c. 487, § 18, 32 Stat. 800 [U. S. Comp. St. Supp. 1909, p. 1317]) to the effect:

"That neither the referee nor the trustee shall in any form or guise receive, nor shall the court allow them, any other or further compensation for their services than that expressly authorized and prescribed in this act." Section 72.

We recognize the fact that the trustee's contention is not free from doubt, and that an able argument has been presented in support of the petitioner's contention; but we are not sufficiently satisfied as to its correctness to give it our assent. The practice to which exception is taken has been generally adopted and is of long continuance. The objection is made by one of a large number of claimants, the others being apparently satisfied by this disposition of their claims, and it is not apparent how the petitioner will be injured by the decision of the controversy by Mr. Willis as master, rather than as referee, except, possibly, by being required to pay some portion of the master's fees, which as yet has not been determined.

It will create confusion in the administration of the law if one system is adopted in the Second circuit and another in the other circuits. A change so sweeping in its results should be made by the Supreme Court, in order that the practice may be uniform throughout the United States. Although conceding that there is much to be said in favor of the petitioner's contention, we are not convinced that we would be justified in making a decision so far-reaching in its results.

The order is affirmed.